UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
G.T., An Infant By her Mother and Natural Guardian,   Docket No.: _____/2022
ELIZABETH REYES and ELIZABETH REYES,
Individually,

                                **COMPLAINT**

                     *Plaintiffs,*

    -against-                              **JURY TRIAL DEMANDED**

UNITED STATES OF AMERICA,

                     *Defendant.*
-----------------------------------------------------------------X

        Plaintiffs, G.T. and ELIZABETH REYES, by their attorneys, MERSON LAW, PLLC, complaining of defendant, respectfully show to this Court and allege, as follows:

**JURISDICTION**

        1.     This action, in part arises under the Federal Tort Claims Act, 28 U.S.C. 1346(b) 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). Jurisdiction is appropriate in this Court insofar as a Federal Question is presented under the Federal Tort Claims Act.

        2.     If the defendant United States of America were a private individual, based on the facts alleged herein, it would be liable to the plaintiffs in accordance with the laws of the State of New York.

        3.     The claim set forth herein was presented to the Department of Health and Human Services on July 9, 2020 by mailing a standard Form 95, as required by 28 C.F.R. 14.2 for damages in amount of $20,000,000.00. On or about September 2, 2020, defendant UNITED STATES OF AMERICA, by Iris Evans, paralegal specialist, Claims Office, Department of Health and Human Services, Office of General Counsel, acknowledged receipt of the perfected claim and requested

1

additional documents and information, which were subsequently provided on September 29, 2020. Despite Plaintiffs' repeated efforts since then, Plaintiffs never received a final determination from the Department of Health and Human Services. Accordingly, on January 9, 2021—six (6) months after Plaintiffs filed their administrative claim—Plaintiffs' administrative claim was effectively deemed denied. Accordingly, all prerequisites for commencement of an action against defendant UNITED STATES OF AMERICA have been complied with and completed.  Therefore, this action is timely.[1]

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. 1331, as this action arises under the Constitution, laws and treaties of the United States, including the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, codified as amended at 42 U.S.C. 201 et. seq.

5. As stated in 42 U.S.C. 233(g)(1)(A), at all times herein mentioned, the Federal Tort Claims Act is the exclusive remedy for injuries caused by all agents, servants and/or employees of Middletown Community Health Center, Inc.  At all times herein mentioned, said facility funded and/or operated by the defendant employed physicians, nurses, midwives, interns, residents, physicians' assistants, student nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

---

[1] Currently pending in the Bronx County Supreme Court is a state court action against Plaintiffs' treating providers related to this action. *See G.T. et al. v. Castillo M.D., et al*, Index No. 29213/2020E (Sup. Ct. Bronx Cnty. 2020). The United States removed that case to the Southern District of New York on June 17, 2022 and moved to substitute the government in place of Defendant Wilfrido Castillo, M.D. under the FTCA. *See G.T. et al v. Castillo, M.D. et al*, No. 1:22-cv-05129-LJL (S.D.N.Y. 2022). The Government further moved to dismiss against The United States for failure to exhaust administrative remedies. Through motion practice, the Government confirmed that Plaintiffs had since exhausted their administrative remedies and could file the present lawsuit. *See Id.* at Dkt. No. 20. The case was dismissed without prejudice against the United States on December 21, 2022 for lack of subject matter jurisdiction. This action timely follows.

6. The venue of this action is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district and are premised upon the fact that the transactions and occurrences that form the basis of plaintiff's complaint took place in the County of Bronx, in the Southern District of the State of New York.

## PARTIES

7. Plaintiff ELIZABETH REYES and her daughter, infant plaintiff G.T. reside at 1125 Evergreen Ave., Apt. 12C, Bronx, New York 10472

8. At all times herein mentioned, plaintiff ELIZABETH REYES was a patient of WILFRIDO CASTILLO, M.D.

9. At all times herein mentioned, infant plaintiff G.T. was a patient of WILFRIDO CASTILLO, M.D.

10. At all times herein mentioned, WILFRIDO CASTILLO, M.D. was an employee of BRONX LEBANON HOSPITAL CENTER.

11. At all times herein mentioned, WILFRIDO CASTILLO, M.D. was an employee of URBAN HEALTH PLAN INC.

12. At all times herein mentioned, defendant UNITED STATES OF AMERICA, controlled, funded, managed, operated and/or owned a health care facility known as URBAN HEALTH PLAN INC., located at 1065 Southern Blvd, Bronx, NY 10459 and 882 Hunts Point Ave, Bronx, NY 10474, as well as other facilities. At all times herein mentioned, said facility funded and/or operated by the defendant employed physicians, nurses, midwives, interns, residents, physicians' assistants, student nurses and other personnel, including WILFRIDO CASTILLO, M.D., over which it exercised control and supervision, with the right to employ and discharge such employees.

13. At all times herein mentioned, URBAN HEALTH PLAN INC. was a federal clinic, funded by the Department of Health and Human Services, an agency of the defendant UNITED STATES OF AMERICA, and was within its mandate and authority.

14. It was the duty of defendant, UNITED STATES OF AMERICA, to reasonably care for, treat and supervise its patients, including the plaintiffs herein, who sought treatment at or by URBAN HEALTH PLAN INC and its physicians, nurses, midwives, interns, residents, physicians' assistants, student nurses and other personnel, including WILFRIDO CASTILLO, M.D.

15. At all times herein mentioned, URBAN HEALTH PLAN INC. was a non-profit private entity receiving federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

16. At all times herein mentioned, URBAN HEALTH PLAN INC. and its employees, including WILFRIDO CASTILLO, M.D., were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their office and employment.

17. At all times herein mentioned WILFRIDO CASTILLO, M.D., was an agent servant and/or employee of defendant UNITED STATES OF AMERICA and was deemed eligible for Federal Tort Claims Act Coverage and eligible to be deemed an employee of the Public Health Services for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their respective offices or employment.

18. At all times herein mentioned, defendant UNITED STATES OF AMERICA and WILFRIDO CASTILLO, M.D., were agents, servants and/or employees of each other regarding their care, treatment and diagnosis to the plaintiff ELIZABETH REYES.

19. At all times herein mentioned, defendant UNITED STATES OF AMERICA and WILFRIDO CASTILLO, M.D., were agents, servants and/or employees of each other regarding their care, treatment and diagnosis to the infant plaintiff G.T.

20. At all times herein mentioned, defendant UNITED STATES OF AMERICA and WILFRIDO CASTILLO, M.D., were partners in the practice of medicine.

### FIRST CAUSE OF ACTION FOR NEGLIGENCE AND/OR MEDICAL MALPRACTICE

21. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 20., inclusive, with the same force and effect as if hereinafter set forth at length.

22. Beginning on or about August 21, 2018 and continuing thereafter through a continuous course of treatment to and including on or about August 28, 2018, plaintiff ELIZABETH REYES was admitted to BRONX LEBANON HOSPITAL CENTER, and during the aforesaid admission, plaintiff ELIZABETH REYES was under the medical care, diagnosis and treatment of defendant UNITED STATES OF AMERICA and WILFRIDO CASTILLO, M.D., and/or their agents, servants and/or employees, and beginning on or about August 21, 2018 and continuing thereafter through a continuous course of treatment to and including on or about August 28, 2018, infant plaintiff G.T. was under the medical care, diagnosis and treatment of defendant UNITED STATES OF AMERICA and WILFRIDO CASTILLO, M.D., and/or their agents, servants and/or employees, and as a result of these defendants' failure to timely and/or properly treat plaintiff ELIZABETH REYES and/or infant plaintiff G.T., including, but not limited to, the

failure to timely and/or properly provide obstetric, gynecologic, perinatal, neonatal and pediatric care, in failing to timely and/or properly diagnose and/or treat vaginal bleeding, in failing to appreciate the significance of vaginal bleeding, in failing to appreciate the significance of an absence of amniotic fluid in the womb, in failing to timely and/or properly respond to and/or treat the absence of amniotic fluid in the womb, in failing to timely and/or properly order a sonogram and/or ultrasound, in failing to timely and/or properly perform a sonogram and/or ultrasound, in failing to appreciate the significance of late and variable decelerations of the fetal heart rate, in failing to timely and/or properly diagnose and/or treat late and variable decelerations of the fetal heart rate, in failing to appreciate the significance of late variable decelerations, in failing to timely and/or properly diagnose and/or treat late variable decelerations, in failing to timely and/or properly begin amnioinfusion, in failing to timely and/or properly diagnose and/or treat recurrent variable decelerations, in failing to appreciate the significance of recurrent variable decelerations, in failing to timely and/or properly diagnose and/or treat abruption, in failing to properly monitor the fetal heart rate, in failing to timely and/or properly diagnose and/or treat perinatal infection, in failing to timely and/or properly diagnose and/or treat perinatal sepsis, in failing to timely and/or properly order an emergency Cesarean section, in failing to timely and/or properly perform an emergency Cesarean section, in failing to timely delivery, in failing to utilize proper anesthetic, in failing to utilize general anesthesia, in failing to utilize geta, in failing to timely and/or properly diagnose and/or treat infant apnea, in failing to timely and/or properly diagnose and/or treat stroke, in failing to timely deliver; in failing to timely and/or properly order and/or perform intrauterine resuscitative measures, and as a result of the aforesaid negligence, infant, plaintiff G.T., sustained severe, serious and permanent injuries, including but not limited to brain damage and sequelae thereto, cerebral palsy and sequelae thereto, hypoxic ischemic encephalopathy and sequelae, acute

infant apnea, seizures, hypertonia in the left arm and sequelae thereto, hypertonia in the left leg and sequelae thereto, hypertonia in the right leg and sequelae thereto, stroke and sequelae thereto, static motor encephalopathy and sequelae thereto, cerebral palsy and sequelae thereto, inability to walk, and other severe and serious and permanent injuries.

23.     Said occurrence was due to the carelessness and negligence of defendants and/or their agents, servants and/or employees, in failing to treat the plaintiffs, ELIZABETH REYES and G. T., in a good and accepted manner, and all without any fault or lack of care on the part of plaintiffs ELIZABETH REYES and G. T.,.

24.     By reason of the foregoing carelessness and negligence of the defendants, their agents, servants and/or employees, plaintiff G.T. sustained severe and serious personal injuries, a severe shock to her nervous system, and was caused to suffer severe mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said plaintiff was confined to her bed, home, and/or various medical institutions as a result thereof, and was incapacitated from attending her regular activities; and there was caused to be expended sums of money for medical and hospital care on her behalf, and plaintiff G.T. has suffered, and will continue to suffer, from severe emotional and physical pain and suffering, loss of employment and economic compensation and the need for physical, occupational, speech and other therapies, as well as the need for lifelong medical care, equipment, medicines and treatment, and modifications to her home, car and other facilities, as well as any and all other damages, costs, and fees that are applicable to this case.

## AS AND FOR SECOND CAUSE OF ACTION
## FOR LACK OF INFORMED CONSENT

25.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of complaint marked and designated 1. through 24., inclusive, with the same force and effect as if hereafter set forth at length.

26.    The defendants failed to inform plaintiff ELIZABETH REYES of the risks, hazards and alternatives connected with the treatment rendered and/or procedures performed so that an informed consent could be given.

27.    That reasonably prudent persons in plaintiff ELIZABETH REYES's position would not have undergone the treatment rendered and procedure performed if she had been fully informed of the risks, hazards and alternatives connected with said procedures and treatments.

28.    The failure to adequately and fully inform plaintiff ELIZABETH REYES and of the risks, hazards and alternatives of the treatment and/or procedures rendered is a proximate cause of the injuries that infant plaintiff G. T. sustained.

29.    As a consequence, there was no informed consent to the treatment rendered and procedures performed.

30.    By reason of the foregoing of the defendants, their agents, servants and/or employees, plaintiff G.T. sustained severe and serious personal injuries, a severe shock to her nervous system, and was caused to suffer severe mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said plaintiff was confined to her bed, home, and/or various medical institutions as a result thereof, and was incapacitated from attending her regular activities; and there was caused to be expended sums of money for medical and hospital care on her behalf.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR LOSS OF SERVICES**

31. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1. through 30., inclusive, with the same force and effect as if hereafter set forth at length.

32. By reasons of the foregoing occurrence and resultant injuries and complications to infant plaintiff G.T., plaintiff ELIZABETH REYES has been deprived of the services her daughter, G.T.., was unable to work and caused to suffer loss of compensation, and she was caused to become obligated to expend sums of moneys for medical and hospital care on her behalf.

WHEREFORE, plaintiffs ELIZABETH REYES and G.T.., by their attorneys, MERSON LAW, PLLC, hereby demand judgment against the defendant in the amount of TWENTY MILLION DOLLARS ($20,000,000.00) compensatory damages for plaintiffs ELIZABETH REYES and G.T., together with the costs and disbursements of this action and the interest imposed thereon, and any other relief that this Court deems just and proper.

Dated: New York, New York
December 27, 2022

MERSON LAW, PLLC

By: _____
Jordan K. Merson (JM-7939)
Attorney for Plaintiffs
950 Third Ave., 18th Fl.
New York, New York 10022
(212) 603-9100
jmerson@mersonlaw.com

TO:

United States of America – 86 Chambers Street New York, NY 10007