UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G.T., an infant by her mother and natural guardian, Elizabeth Reyes, and ELIZABETH REYES, individually,

                       Plaintiffs,

-against-

UNITED STATES OF AMERICA, BRONX LEBANON HOSPITAL CENTER, BRONXCARE HEALTH SYSTEM, MRUDULA PREMKUMAR, M.D., and JING JA YOON, M.D.,

                       Defendants.

22-CV-10901 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Elizabeth Reyes and her minor daughter G.T. sue the United States, Bronx Lebanon Hospital Center, BronxCare Health System, and two doctors over G.T.'s permanent medical conditions, which plaintiffs allege were caused by mistakes made during Reyes's labor and delivery and G.T.'s neonatal care. In their amended complaint, plaintiffs allege three causes of action. Their first cause of action is for "negligence and/or medical malpractice." Dkt. 16 ¶¶ 57–60. Second, they assert a lack-of-informed-consent claim, arguing that Reyes was not "adequately and fully inform[ed] . . . of the risks, hazards[,] and alternatives of the treatment and/or procedures rendered." *Id.* ¶¶ 61–66. Third, plaintiffs allege a loss-of-services claim based on G.T.'s inability to work and loss of future compensation. *Id.* ¶¶ 67–68. This opinion resolves the parties' pending *Daubert* and summary-judgment motions.

    **I.   Motions to Exclude Expert Testimony**

    Federal Rule of Evidence 702 states that the "proponent [of an expert opinion must] demonstrate[] to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Rule 702 imposes a duty on judges to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

    The Bronx Lebanon defendants move to preclude plaintiffs' obstetrics expert, Dr. Daryl Boffard; plaintiffs' anesthesiology expert, Dr. Alexander Weingarten; and plaintiffs' pediatric

neurology expert, Dr. Louis Manganas. Dkt. 73-2. The United States moves to preclude Drs. Boffard and Manganas. Dkt. 76. Plaintiffs oppose these motions, and for the most part, they satisfy their burden to demonstrate the admissibility of their experts' testimony under Rule 702 and *Daubert*. Dkt. 81. However, plaintiffs fall short as to three specific opinions.

First, Dr. Boffard opines that G.T.'s delivery process caused "cerebral palsy and hemiplegia." Dkt. 73-5 at 3. The United States argues that Dr. Boffard isn't qualified to offer an expert opinion on the causes of G.T.'s neurological conditions. Plaintiffs respond that "any person has the knowledge that having an interruption of oxygen for forty-five minutes can damage the brain," and that "[t]here is nothing unreliable about plaintiffs' experts' theories . . . that the failure to deliver or resuscitate . . . was a substantial contributing factor to the brain damage." Dkt. 81 at 15. But as the United States points out, Dr. Boffard himself admits that he's "not qualified to offer an opinion as it relates to pediatric neurology." Dkt. 78-6 at 201. Dr. Boffard's causation opinion goes beyond merely explaining brain damage; it focuses on specific pediatric neurological conditions that Dr. Boffard expressly states he isn't qualified to testify about. So while Dr. Boffard may testify that G.T.'s delivery caused brain damage, his opinion that the delivery process caused "cerebral palsy and hemiplegia and the sequelae of these conditions" is excluded. Dkt. 73-5 at 3.

Second, Dr. Weingarten opines that "use of spinal anesthesia . . . was a substantial contributing factor to G.T.'s injuries, including brain damage." Dkt. 73-6 at 2. The Bronx Lebanon defendants argue that Dr. Weingarten isn't qualified to offer a causation opinion in this case. Dkt. 73-2 at 12. Plaintiffs' only response is that Dr. Weingarten is qualified to opine on the standard of care, Dkt. 81 at 22, but this doesn't address defendants' concern about whether Dr. Weingarten is qualified to render an opinion about whether the use of anesthesia caused G.T.'s brain damage. Because plaintiffs declined to meet defendants' critique head-on, the Court deems this issue conceded. *See Cole v. Blackwell Fuller Music Publ'g, LLC*, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) ("Numerous courts have held that a plaintiff's failure to address an issue in its opposition . . . amounts to a concession or waiver of the argument."). Dr. Weingarten's causation opinion is excluded.

Third, Dr. Weingarten opined that the use of anesthesia "was a deviation from good and accepted medical practice." Dkt. 73-6 at 2. The Bronx Lebanon defendants argue that this opinion is "speculative and must be excluded" because Dr. Weingarten "based his opinions on someone else's review of the records rather than his own." Dkt. 73-2 at 9. Plaintiffs don't respond to this critique in their opposition brief. Dkt. 81 at 22. Again, this issue is conceded, and Dr. Weingarten's standard-of-care opinion is excluded.

## II.   Motions for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "[I]n reviewing all of the evidence . . . 'the court must draw all reasonable inferences in favor of the nonmoving party,' 'even though contrary inferences might reasonably be drawn.'" *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010) (emphasis

omitted) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then quoting *Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009)). "[S]ummary judgment is proper only when, with all permissible inferences and credibility questions resolved in favor of the party against whom judgment is sought, 'there can be but one reasonable conclusion as to the verdict.'" *Id.* at 546 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

Plaintiffs move for partial summary judgment against Dr. Wilfrido Castillo on their first cause of action, for "negligence and/or medical malpractice." Dkt. 71-1. Bronx Lebanon moves for summary judgment, arguing that it is not vicariously liable for Dr. Castillo's actions, that Bronx Lebanon employees acted at Dr. Castillo's supervision, and that G.T. was treated in accordance with the standard of care in the NICU. Dkt. 72-3. The United States moves for summary judgment on the ground that there is "no competent expert evidence in the record to establish [p]laintiffs' medical malpractice claim." Dkt. 76 at 25.

In its opposition brief, plaintiffs say that they "do not oppose defendants' motions with respect to plaintiffs' lack of informed consent claims, that Bronx Lebanon Hospital is vicariously liable for Dr. Castillo, and plaintiffs' neonatal claims." Dkt. 81 at 1. Defendants' motions for summary judgment as to these issues are granted as unopposed. Plaintiffs' claims about the lack of informed consent and G.T.'s neonatal care are out of the case, as is any allegation that Bronx Lebanon is vicariously liable for actions taken by Dr. Castillo.

The remaining contested issues all involve plaintiffs' medical malpractice claim, and genuine issues of material fact exist that preclude granting summary judgment in favor of any party. As the parties recognize, "New York law . . . provides that, 'except as to matters within the ordinary experience and knowledge of laymen, . . . expert medical opinion evidence is required'" for plaintiffs to prove the two elements of a medical malpractice claim: causation and liability. *Milano by Milano v. Freed*, 64 F.3d 91, 95 (2d Cir. 1995) (quoting *Fiore v. Galang*, 478 N.E.2d 188, 189 (N.Y. 1985)). While the Court excluded certain of Dr. Boffard's and Dr. Weingarten's opinions, expert testimony will still be offered on both sides of the case as to both causation and liability. "[W]hen there are dueling experts, both of whom have put forward opinions in contradiction with each other, and when those opinions are important to resolution of a material factual dispute, summary judgment may not be appropriate." *Realtime Data, LLC v. Stanley*, 897 F. Supp. 2d 146, 153 (S.D.N.Y. 2012); *see also Tarqui v. United States*, 2017 WL 4326542, at *7 (S.D.N.Y. Sept. 27, 2017) ("Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions." (citation omitted)). So these remaining claims must be resolved at trial.

## CONCLUSION

Defendants' motions to exclude the testimony of plaintiffs' experts are GRANTED IN PART and DENIED IN PART. Defendants' motions for summary judgment are also GRANTED IN PART and DENIED IN PART. Plaintiffs' motion for partial summary judgment is DENIED. The parties are ordered to meet and confer to identify dates for a trial in September or October of this year. The parties should submit a letter to the Court no later than **August 1, 2025** with suggested dates. The Clerk of Court is respectfully directed to terminate Dkts. 71, 72, 73, 74, and 75.

SO ORDERED.

Dated: July 21, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge