**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

G.T., An Infant by her Mother and Natural Guardian, ELIZABETH REYES and ELIZABETH REYES, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA, BRONX LEBANON HOSPITAL CENTER, BRONXCARE HEALTH SYSTEM, JOHN DOE as Executor of the Estate of SAEED ORAEE, M.D., MRUDULA PREMKUMAR, M.D., and JING JA YOON, M.D.,

Defendants.

**22 Civ. 10901 (AS) (SN)**

Upon consideration of the affidavit of Plaintiff Elizabeth Reyes, the mother and natural guardian of Plaintiff G[redacted] T[redacted], an infant, dated May 28, 2026, the declaration of Jordan K. Merson, Esq., dated May 28, 2026, and the affirmation of Stacy M. Sadove, Esq., dated May 28, 2026, seeking the Court's approval pursuant to Local Civil Rule 83.2(a) as to the reasonableness of a settlement between the United States of America ("the United States") and Plaintiffs and authorizing plaintiff Elizabeth Reyes, mother and natural guardian of plaintiff G.T., to sign the settlement agreement on G.T.'s behalf; and the Court having waived the appearance of Elizabeth Reyes, the mother and natural guardian of G[redacted] T[redacted], as well as G[redacted] T[redacted], herself; and upon all the pleadings, exhibits, and proceedings herein;

WHEREAS, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter, the "Stipulation"), attached as Exhibit A hereto;

WHEREAS, the Court has reviewed the Stipulation, Plaintiff's motion, and the above

referenced evidence submitted by Plaintiffs in favor of this settlement;

WHEREAS, the Court has concluded that the aforementioned infant has sustained a "birth-related neurological injury" and is a "qualified plaintiff" as defined under Public Health Law §§ 2999-h(i) and 2999-h(4) and therefore eligible for enrollment in the New York State Medical Indemnity Fund (the "Fund"), and that in the event of the administrator of the Fund determines that G[redacted] [redacted]

be paid in accordance with Public Health Law § 2999-j, in lieu of that portion of the settlement agreement that provides for payment of such expenses;

WHEREAS, the Court has found that the terms and conditions of this settlement, as set forth in the Stipulation—including the necessity of the approval by the Attorney Geneal of the United States (or his designee) and the condition regarding availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C §233(g), *see* 42 U.S.C §233(k)—and in light of the above-referenced filings and proceedings, are fair, reasonable, and in the best interests of the infant Plaintiff, G[redacted] T[redacted];

NOW, upon motion of MERSON LAW, PLLC, attorneys for the Plaintiffs, it is hereby ORDERED, that the Stipulation complies in all respects with General Obligations Law ("GOL") §15-108, the Court finding that Plaintiffs and the United States have entered into the Stipulation in good faith and that Plaintiffs have released their claims against the United States in good faith, prior to the entry of judgment, subject to the satisfaction of the terms and conditions set forth in the Stipulation; and it is further

ORDERED, that Elizabeth Reyes, the mother and natural guardian of the infant, G[redacted] T[redacted], is hereby authorized and empowered to settle and compromise all causes of action that have been brought on behalf of the infant Plaintiff, G[redacted] T[redacted], against the UNITED

STATES, in accordance with the Stipulation, attached as Exhibit A to this Order, including by executing and delivering the Stipulation and any other documents or instruments necessary to effectuate said settlement; and it is further

ORDERED, that the infant Plaintiff, G[redacted] [redacted] to be a "qualified plaintiff" as defined under Public Health Law § 2999-h(4), having sustained a "birth-related neurological injury" within the meaning of Public Health Law § 2999-h(4), and the settlement includes provision for all future medical expenses to be paid in accordance with Public Health Law § 2999-j, in lieu of that portion of the settlement agreement that provides for payment of such expenses; and it is further

ORDERED, that within thirty (30) days of the service of a certified copy of this Infant's Compromise Order approving the settlement agreement, Elizabeth Reyes, as mother and natural guardian of G[redacted] [redacted] submit an application on behalf of the infant Plaintiff for enrollment in the Fund by providing the Fund Administrator with a certified copy of the Infant's Compromise Order; and it is further

ORDERED, that Elizabeth Reyes, as mother and natural guardian of the infant G[redacted] T[redacted], be and hereby is authorized to enter into a compromise of the cause of action of said infant Plaintiff against the United States, for payment of cash and enrollment in the Fund in the total amount of Three Million and 00/100 Dollars ($3,000,000.00), with One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) payable by the United States for all damages other than future medical expenses (the "non-Fund damages"), and One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) being allocated for future medical expenses payable by the Fund ("Fund damages"); and it is further

ORDERED, that the United States shall pay the total sum of One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00), as provided by the terms and conditions of the Stipulation, and only after the stated conditions are met, including that the Fund has made a final

determination that the infant is covered by said Fund and that her future medical care costs will be paid by said Fund, and approval of the settlement by the Attorney General of the United States or his designee; and it is further

ORDERED, that One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) is designated for Fund damages; and it is further

ORDERED, that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers, arising from the subject matter of this action. Plaintiffs, by and through their attorneys, must satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid or Medicare, as further specified in the Stipulation; and it is further

ORDERED, that subsequent to the United States of America's receipt of (1) this Infant's Compromise Order, duly issued by this Court, together with the duly executed Stipulation, appended hereto as Exhibit A; (2) a final determination by the Fund that G[redacted] [redacted] covered by said Fund and that her future medical care costs will be paid by the Fund; (3) approval of the settlement by the Attorney General of the United States or his designee; (4) the Social Security numbers or tax identification numbers of the Plaintiffs and their attorneys; (5) Plaintiffs' attorney's bank account number, bank routing information, and all information required for an electronic funds transfer of the settlement amount; and (6) an Order, as specified in the Stipulation and in the form appended hereto as Exhibit B, dismissing this action with prejudice as to the United States only, counsel of record for the United States shall submit the request to the Health Resources and Services Administration, Department of Health and Human Services, to have One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000.00), be paid to Plaintiffs, through their attorneys, to be distributed as follows:

a. The sum of $294,538.82 will be paid to the law firm of Merson Law, PLLC for its

legal fee;

b. The sum of $54,611.80 will be paid to the law firm of Merson Law, PLLC for disbursements in this matter;

c. The sum of $1,023,238.79 will be paid to the trust account of Merson Law PLLC for the payment of liens and pending creation of a trust fo[redacted] [redacted];

d. The sum of $106,936.72 will be paid to Elizabeth Reyes for her loss of services claim (of which $99,000.00 or a lesser amount will be paid to Cartiga to repay legal funding); and

e. The sum of $14,673.87 will be paid to HMS, Inc for the medical lien held by Medicaid;

f. The sum of $6,000 will be paid to Stacy M. Sadove, Esq. for preparation of the Trust documents;

ORDERED, that THE G.T. 2026 SETTLEMENT TRUST attached hereto as reviewed by the Court is hereby approved and ordered to be created and ELIZABETH REYES as natural guardian of G[redacted] T[redacted], an infant, is hereby authorized, ordered and permitted as Settlor to execute THE G.T. 2026 SETTLEMENT TRUST annexed hereto for the placement of net cash proceeds; and it is further,

ORDERED, that the initial proposed budget annexed hereto from the date of the execution of the Trust through May 31, 2027, shall hereby be approved, and that each year, with the annual accounting to the Court in May, the Trustee shall prepare a proposed budget for the period of June 1 of that year through May 31 of the following year to be filed with each accounting; and it is further,

ORDERED, that no later than ninety (90) days after the signing of this Order, the Trustee shall file an initial financial report, an executed copy of the Trust and the opening of the Trust

account and its funding in accordance with this Order, with the Chambers of Arun Subramanian; and it is further,

ORDERED, that the Trustee shall file during the month of May of each year with this Court an annual accounting in such form as required by the Court, and shall mail a copy of said annual accounting to each interested party named in the Trust; and it is further,

ORDERED, that all said terms hereby attached to THE G.T. 2026 SETTLEMENT TRUST shall be enforced and applicable and abided by; and it is further,

ORDERED, that CAPITAL FIRST TRUST COMPANY, with offices located at 700 W. Virginia Street, 5th Floor Milwaukee, WI 53204, shall be appointed Corporate Trustee of the G.T. 2026 SETTLEMENT TRUST; and it is further,

ORDERED, that the initial budget submitted hereto with THE G.T. 2026 SETTLEMENT TRUST is hereby approved and in effect through May 31, 2027, at which time the Trustee shall submit a proposed budget for approval for the following year for ,the time period of June 1, 2027, through May 31, 2028 and yearly thereafter; and it is further,

ORDERED, that the filing of a bond be dispensed with in accordance with the applicable provisions of law; and it is further,

ORDERED, that in accordance with the Stipulation, any claim against any Defendant other than the United States (including but not limited to BRONX LEBANON HOSPITAL CENTER, BRONXCARE HEALTH SYSTEM, JOHN DOE as Executor of the Estate of SAEED ORAEE, M.D., MRUDULA PREMKUMAR, M.D., and JING JA YOON, M.D., servants, or employees thereof (collectively, "the non-Government Defendants")) are not dismissed or impacted in any way as a result of this Order and will continue to be prosecuted by the Plaintiffs; and it is further,

ORDERED, that within thirty (30) days from the date that the Attorney General or the

Attorney General's designee approves the terms and conditions of the settlement, Plaintiffs must submit at their expense to this Court a proposed Order in the form appended hereto as Exhibit B, dismissing the cause of action against the United States in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the Court not retaining jurisdiction over the settlement or the United States; and it is further,

ORDERED, that upon entry of the aforementioned Order from this Court in the form appended hereto as Exhibit B, dismissing this cause of action against the United States in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the action or the United States, and upon the satisfaction of all other conditions stated in the Stipulation, the United States will tender the non-Fund damages with the terms and conditions set forth in the Stipulation.

The Clerk of Court is respectfully directed to close this case.

Dates: August 4, 2026

SO ORDERED:

HONORABLE ARUN SUBRAMANIAN
United States District Judge