**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

G.T., An Infant by her Mother and Natural Guardian, ELIZABETH REYES, and ELIZABETH REYES, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

22 Civ. 10901 (AS) (SN)

**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, on or about October 27, 2026, Plaintiffs GLENIA TAVERAS, an infant, by her mother and natural guardian ELIZABETH REYES, and ELIZABETH REYES, individually ("Plaintiffs"), and defendant the United States of America (the "United States," and together with Plaintiffs, the "Settling Parties") entered into an agreement to settle and compromise each and every claim of any kind between them, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action;

WHEREAS, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation"), attached hereto as Exhibit A;

WHEREAS, the Settling Parties entered into the Stipulation for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation;

WHEREAS, the Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents,

servants, or employees, and the United States specifically denies that it is liable to Plaintiffs;

WHEREAS, pursuant to the terms of the Stipulation, Plaintiffs now request that the Court enter this Order of Dismissal; and

WHEREAS, on August 5, 2026, the Court severed Plaintiffs' claims against former defendants Bronx Lebanon Hospital Center, Bronxcare Health System, and John Doe as Executor of the Estate of Saeed Oraee, M.D. (the "Non-Settling Defendants")[1] and remanded those claims to the Supreme Court of the State of New York, Bronx County, for further proceedings, see Joint Stip. and Order (ECF No. 145);

IT IS THEREFORE ORDERED, that the above-captioned action against the United States is dismissed in its entirety with prejudice; and it is further

ORDERED, that each of the Settling Parties bears its own costs, expenses, and fees; and it is further

ORDERED, that following its entry of this Order, the Court will not retain jurisdiction over this action, this settlement, or the United States; and it is further

ORDERED, that nothing in this Order shall be construed to have any effect or impact on Plaintiffs' remaining causes of action against the Non-Settling Defendants.

**SO ORDERED** The Clerk of Court is respectfully directed to close Dkt. 148.

Dated: New York, New York
October 28, 2026

HON. ARUN SUBRAMANIAN
United States District Judge

[1] On July 21, 2025, the Court dismissed Plaintiffs' claims against former defendants Mrudula Premkumar, M.D., and Jing Ja Yoon, M.D., on summary judgment. See Order (ECF No. 102).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G.T., An Infant by her Mother and Natural Guardian, ELIZABETH REYES and ELIZABETH REYES, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA, BRONX LEBANON HOSPITAL CENTER, BRONXCARE HEALTH SYSTEM, JOHN DOE as Executor of the Estate of SAEED ORAEE, M.D., MRUDULA PREMKUMAR, M.D., and JING JA YOON, M.D.,

Defendants.

22 Civ. 10901 (AS) (SN)

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed

as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Million, Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) (hereinafter "Settlement Amount") as follows:

a. Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (3) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of any minor or legally incapacitated adult; (4) a final determination by the New York State Medical Indemnity Fund (hereinafter "Fund") that Glenia Taveras ("G.T.") is covered by said Fund and that her future medical care costs will be paid by the Fund; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the Health Resources and Service Administration, Department of Health and Human Services, requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to the "**Jordan Merson, Esq. IOLA Trust Account**." Plaintiffs' attorney agrees to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and

agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that the Plaintiffs, the Plaintiffs' attorney(s), any Guardian Ad Litem, and the Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

c. Plaintiffs stipulate and agree that their attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d. The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement

Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4. In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, the Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby agree to:

a. Accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of G.T., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

b. Release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any

and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action. Plaintiffs also stipulate and agree to hereby release and forever discharge any claim against any other entity or employee thereof or individual (including but not limited to Bronx Lebanon Hospital Center, Bronxcare Health System, and John Doe as Executor of the Estate of Saeed Oraee, M.D.) that is premised on the vicarious liability of the United States or its employees for the alleged conduct of these entities or individuals (including but not limited to the U.S. Department of Health and Human Services, Urban Health Plan Inc., and any agents, servants, or employees thereof) on account of, based upon, or arising out of the alleged facts, events, incidents, circumstances, or injuries giving rise to or referred to in this action. All other claims and causes of action by Plaintiffs against the Bronx Lebanon Hospital Center, Bronxcare Health System, John Doe as Executor of the Estate of Saeed Oraee, M.D., or any other party other than the United States (including but not limited to the U.S. Department of Health and Human Services, Urban Health Plan Inc., and any agents, servants, or employees thereof), may remain and are not dismissed as a result of this Stipulation.

c. Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or

omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

d. Accept legal responsibility for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of New York), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

e. Obtain a final determination by the Fund that G.T. is covered by said Fund and that her future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to apply G.T. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event G.T. is enrolled and

accepted in the Fund, the Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation required to maintain her enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of G.T., Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that G.T. has sustained a "birth-related neurological injury;" that she is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that she is therefore eligible for enrollment in the Fund. Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of G.T.'s enrollment in the Fund, the Settlement Amount of One Million, Five Hundred Thousand and 00/100 Dollars ($1,500,000.00) to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (i.e., past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (i.e., future medical expenses) shall be One Million, Five Hundred Thousand and 00/100 Dollars ($1,500,000.00), for a total settlement of Three Million and 00/100 Dollars ($3,000,000.00). Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to provide the United States with a copy of Fund's written determination within ten (10) business days of receipt of the notice of the determination. In the event the Fund does not accept G.T. for enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law. In the event the final determination of the Fund is to reject G.T. for enrollment, the parties stipulate and agree that the aforementioned "non-Fund damages" and "Fund damages" amounts are not

binding on any party and shall be considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of Civil Procedure, and therefore the parties agree that they will not offer or use these damages amounts for any other purpose.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

c. Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of G.T. The Order approving the settlement on behalf of G.T. may be obtained from either the United States District Court for the Southern District of New York or a state court of competent jurisdiction. The terms of any court Order, a draft of

which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approvals), the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

d. The Fund must accept G.T.'s application for enrollment and make a final determination that she is covered by the Fund and that the Fund will pay her future medical care costs. The Plaintiffs must obtain such final determination by the Fund before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. In the event that the Fund does not make a final determination that G.T. is covered by the Fund and that the Fund will pay her future medical care costs, the entire Stipulation and the compromise settlement are null and void.

e. Plaintiffs must provide the United States with a complete set of the **extant** medical records of G.T. (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date Plaintiffs sign this Stipulation. Plaintiffs must provide all such extant medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. In the event said records and reports

reveal that G.T. had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the events at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

f. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

g. Plaintiffs must obtain an order from the United States District Court for the Southern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

h. The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

6. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8. Plaintiffs represent that they have read, reviewed, and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this 27th day of October, 2026.

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________
CARLY WEINREB
ILAN STEIN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2769/2525
Carly.Weinreb@usdoj.gov
Ilan.Stein@usdoj.gov
*Counsel for Defendant,*
*United States of America*

Executed this 12th day of August, 2026.

MERSON LAW, PLLC

By: [signature]

Jordan K. Merson, Esq.
950 Third Avenue, 18th Floor
New York, NY 10022
(212) 603-9100
jmerson@mersonlaw.com
*Counsel for Plaintiffs*

Executed this 11th day of August, 2026.

PLAINTIFF, GLENIA TAVERAS, A MINOR

By: Elizabeth Reyes
Elizabeth Reyes, as mother and natural guardian of Glenia Taveras

On the 11th day of August in the year 2026, before me, the undersigned, personally appeared ELIZABETH REYES, AS MOTHER AND NATURAL GUARDIAN OF GLENIA TAVERAS, personal known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Awad Mohamed
NOTARY PUBLIC

AWAD A MOHAMED
Notary Public - State of New York
No. 01MO0027428
Qualified in Bronx County
My Commission Expires 08/01/2028

Executed this 11th day of August, 2026.

PLAINTIFF, ELIZABETH REYES

Elizabeth Reyes
Elizabeth Reyes, Individually

On the 11th day of August in the year 2026, before me, the undersigned, personally appeared ELIZABETH REYES, personal known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Awad Mohamed
NOTARY PUBLIC

AWAD A MOHAMED
Notary Public - State of New York
No. 01MO0027428
Qualified in Bronx County
My Commission Expires 08/01/2028